UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAO YING SUN,

              Plaintiff,

     v.

IKEA US WEST, INC,

              Defendant.

Case No.  15-cv-01146-MEJ

**DISCOVERY ORDER**

Re: Dkt. No. 17

### INTRODUCTION

Plaintiff Shao Ying Sun ("Plaintiff") seeks production of an incident report prepared by Defendant Ikea US West, Inc. ("Defendant") after a shopping cart on Defendant's premises struck her. Dkt. No. 17. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiff's request for the following reasons.

### BACKGROUND

Plaintiff alleges that on September 7, 2013, while standing at the check-out counter at Defendant's Emeryville location, an employee negligently set a "low-pallet-type cart" in motion. Compl. ¶¶ 5, 6, Dkt. No. 1-1. Plaintiff contends the cart struck her, causing serious injuries. *Id.* ¶ 6.

On April 24, 2015, Plaintiff served a Request for Production of Documents ("RPD") on Defendant for "[a]ny and all DOCUMENTS pertaining to the INCIDENT, including any investigation of the INCIDENT." Jt. Ltr. at 1. On May 29, 2015, Defendant initially objected to the request in its entirety as "vague and ambiguous," but agreed to produce responsive documents

in its possession.  Resp. to RPD at 3.[1]  Subsequently, Defendant's counsel informed Plaintiff that Defendant was unable to locate the incident report but would continue its search.  Jt. Ltr. at 2.  On July 22, Defendant served an amended response, objecting to production of the incident report "to the extent it calls for information under attorney-client privilege and attorney work-product doctrine."  Am. Resp. to RPD at 2.

After attempting to resolve their dispute informally, the parties filed the present letter on September 17, 2015.  Plaintiff argues Defendant failed to raise a timely objection to the request for production of documents and therefore waived any objections.  Jt. Ltr. at 4.  Alternatively, Plaintiff argues Defendant failed to meet its burden of proving the incident report is protected under attorney work-product doctrine and attorney-client privilege.  *Id.*  In response, Defendant maintains its objections are timely since it did not know the incident report existed "after performing a reasonable and diligent search."  *Id.* at 5.  Defendant claims to have acted in good faith by immediately notifying Plaintiff's counsel once it located the document.  *Id.*  Defendant also maintains the incident report is protected by attorney work-product doctrine and attorney-client privilege because it was "submitted to Defendant's counsel and risk management department for the purpose of evaluating the potential litigation claim."  *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

---

[1] The parties filed the joint letter and Defendant's responses as one docket entry at Docket Number 17.  For citation purposes and ease of reference, the parties are encouraged to file exhibits in future filings as separate attachments in the ECF system.

expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

### A.     Timeliness of Objection

As a threshold matter, the Court must determine whether Defendant waived its right to object to Plaintiff's request.  Any party served with a request for production "must respond in writing within thirty days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  A privilege, however, is not waived "per se" if a party fails to assert the privilege in its initial response.  *Burlington N. & Santa Fe Ry. Co. v. D. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  "Although Rule 34 does not contain an express provision that untimely objections are waived, the courts have interpreted the rule regarding waiver consistent with Rule 33."  *Liguori v. Hansen*, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012) (internal quotation and citation omitted); *see* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Accordingly, courts have broad discretion to excuse an untimely response based on a case-by-case determination. *Burlington*, 408 F.3d at 1149.  Factors that establish good cause include "(1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of

imposing the waiver." *Lam v. City & Cty. of S.F.*, 2015 WL 4498747, at *3 (N.D. Cal. July 23, 2015). "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver." *Bess v. Cate*, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (citations omitted).

In this case, the Court finds good cause to excuse Defendant's failure to respond in a timely manner. Although Defendant was five days late in its initial response to Plaintiff's request for the incident report, it explained it was unable to locate the report "after performing a reasonable and diligent search," but would continue to search. Jt. Ltr. at 2, 5. Once Defendant located the incident report, Defendant's counsel informed Plaintiff "that an amended . . . response would be sent, including additional objections." *Id.* at 2. Defendant served an amended response thirty-three days after Plaintiff first alerted it that the incident report was not included in the initial request. *Id.* Based on its initial response and subsequent communications with Plaintiff, the Court finds Defendant made a good faith effort to respond in a timely manner. *See Jumping Turtle Bar & Grill v. San Marcos*, 2010 WL 4687805, at *3 (S.D. Cal. Nov. 10, 2010) (finding defendant's untimely response—approximately one and one half months after the initial response was due— reasonable given the parties' constant communication clarifying the scope of discovery and reviewing the documents responsive to the requests for production).

Plaintiff rejects Defendant's explanation, arguing "Defendant produced extensive documentation of [company] policies and procedures regarding the preparation of incident reports." *Id.* at 3. Plaintiff adds Defendant's "employee manual provides eight pages on the [company's] Incident Reporting System, as well as a sample incident report." *Id.* Plaintiff argues these policies, along with the fact that Plaintiff remained on the store floor after the incident until paramedics arrived, make it reasonably apparent that an incident report likely existed. *Id.* at 3-4. However, while Defendant did produce general policy documents responsive to Plaintiff's request, it maintains it was unable to locate the specific incident report, and there is no evidence Defendant did so in bad faith. *See Moe v. Sys. Transp., Inc.*, 270 F.R.D. 613, 623 (D. Mont. 2010) ("Waiver of [a] privilege . . . is a harsh sanction reserved generally for unjustified, inexcusable, or bad faith conduct . . . ."); *see also E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, at *2 (N.D. Cal.

Sept. 16, 2002) ("Finding that a party has waived its right to assert a privilege objection due to its conduct (or lack thereof) is a harsh sanction utilized where that party has unjustifiably delayed discovery." (citation omitted)).

Further, Plaintiff does not argue she suffered prejudice as a result of the delay, and given that this case is in the early stages of litigation, the Court finds the slight delay does not prejudice her. *See Karr v. Napolitano*, 2012 WL 1965855, at *6 (N.D. Cal. May 31, 2012) ("Perhaps most significantly, [plaintiff] has not expressed that he has been prejudiced in any way by the delay, and the court does not see how he would have been. And without any prejudice, the court believes that a complete waiver of Defendant's objections would be a disproportionately harsh result.").

Considering the totality of the circumstances, the Court finds good cause to excuse Defendant's untimely objections.

**B.      Attorney Work-Product Doctrine**

Defendant asserts the incident report is privileged under attorney work-product doctrine since it was prepared for anticipated litigation. Jt. Ltr. at 5. Plaintiff argues the incident report is not protected because it is a business record created in the normal course of business, before any counsel was engaged, and pursuant to Defendant's own policies and procedures. *Id.* at 4.

Although this is a personal injury case brought under the Court's diversity jurisdiction, "issues concerning the work-product doctrine are procedural and thus governed by Federal Rule of Civil Procedure 26(b)." *Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009) (citing *Bozzuto v. Cox*, 255 F.R.D. 673, 677 (C.D. Cal. 2009)). The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2003) (quoting *United States v. Nobles*, 422 U.S. 225, 239 (1975)). The doctrine prohibits discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947). However, materials prepared in the "ordinary course of business" are not considered attorney work product. *See* Fed. R. Civ. P. 26 advisory committee's note.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant fails to show it created the incident report outside the normal course of business. As noted above, Defendant provided extensive documentation detailing its Incident Reporting System, which indicates the incident report is a business record created in the normal course of business. Defendant offers no evidence to support its assertion that the report was created in anticipation of litigation. *See Garcia v. El Centro*, 214 F.R.D. 587, 593 (S.D. Cal. 2003) ("A more or less routine investigation of a possibly resistible claim is not sufficient to immunize [under the work product rule] an investigative report developed in the ordinary course of business." (internal quotation and citation omitted)). Defendant's policies require such a report regardless of whether Plaintiff brought this lawsuit. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1083 (N.D. Cal. 2002) (withholding work-product protection from any document "'that would have been created in essentially similar form irrespective of the litigation.'" (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998))). Therefore, the Court finds the incident report is not protected by the attorney work-product doctrine.

**C.     Attorney-Client Privilege**

Defendant argues the dominant and primary purpose for preparing incident reports such as the one at issue here is to evaluate potential litigation claims. Jt. Ltr. at 5. In support, Defendant offers that after the report was written, it was "submitted to Defendant's counsel and risk management department." *Id.*

In this diversity action, California law governs claims of attorney-client privilege. *E-Pass Techs., Inc. v. Moses & Singer, LLP*, 2011 WL 3794889, at *1 (N.D. Cal. Aug. 26, 2011) (citing *Kaufman & Broad Monterey Bay v. Travelers Prop. Cas. Co. of Am.*, 2011 WL 2181692, at *5 (N.D. Cal. June 2, 2011)). Under California law, "the client . . . has a privilege to refuse to disclose, and to prevent another from disclosing," any confidential "information transmitted between a client and his or her lawyer in the course of that relationship." Cal. Evid. Code §§ 952, 954.

Corporations, limited liability companies, associations, and other such groups and entities who retain the legal services of an attorney are "clients" protected by the privilege. *Id.* §§ 175, 951. Further, a communication between a company's employee and its attorney may be privileged

1   if it is within the scope of the employee's responsibilities to the company.  *D.I. Chadbourne, Inc.*

2   *v. Superior Ct.*, 60 Cal. 2d 723, 737 (1964).  If an employer requires an employee to give a report

3   or statement in the ordinary course of business, the employer's purpose determines whether the

4   privilege applies.  *Id.* ("If . . . the employer requires . . . that the employee make a report, the

5   privilege of that report is to be determined by the employer's purpose in requiring the same; that is

6   to say, if the employer directs the making of the report for confidential transmittal to its attorney,

7   the communication may be privileged.").  The party asserting the privilege has the burden of

8   establishing the confidential communication was made in the course of the attorney-client

9   relationship.  *Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 733 (2009).  Such

10  "evidentiary privileges should be narrowly construed because they prevent the admission of

11  relevant and otherwise admissible evidence."  *McKesson HBOC, Inc. v. Superior Ct.*, 115 Cal.

12  App. 4th 1229, 1236 (2004).

13          As discussed above, Defendant's Incident Reporting System indicates the report was

14  prepared in the normal course of business, within the scope of the employee's responsibilities to

15  the company.  Thus, Defendant's purpose in creating these incident reports determines whether the

16  privilege applies.  *D.I. Chadbourne*, 60 Cal. 2d at 737; *see also Zurich Am. Ins. Co. v. Superior*

17  *Ct.*, 155 Cal. App. 4th 1485, 1497-98 (2007) ("[T]he attorney-client privilege may extend to

18  communications involving middle- and lower-level employees . . . . [because] 'employees can, by

19  actions within the scope of their employment, embroil the corporation in serious legal difficulties,

20  and it is only natural that these employees would have the relevant information needed by

21  corporate counsel if he is adequately to advise the client with respect to such actual or potential

22  difficulties.'" (citation omitted)).  Defendant argues generally that the report was "submitted to

23  Defendant's counsel and risk management department for the purpose of evaluating the potential

24  litigation claim.  That is the primary and dominant purpose for the document in question."  Jt. Ltr.

25  at 5.  However, this statement alone is not enough to establish Defendant's dominant purpose in

26  preparing incident reports.  *Costco*, 47 Cal. 4th at 735 ("a client cannot protect unprivileged

27  information from discovery by transmitting it to an attorney").

28          Given the narrow construction courts apply to the privilege, Defendant must do more to

United States District Court
Northern District of California

establish the report was intended to be confidential.  *See Sierra Vista Hosp. v. Superior Ct.*, 248 Cal. App. 2d 359, 368 (1967) (finding attorney client privilege applied where (1) employee gave testimony of his knowledge "that the report was sought by the insurance company on a confidential basis," and (2) the phrase "CONFIDENTIAL REPORT OF INCIDENT (NOT A PART OF MEDICAL RECORD)" was printed on the top of the report).  Here, Defendant offers no such evidence, such as a redacted copy of the report showing it is labeled "confidential," or a declaration from someone with personal knowledge that the report was intended to be confidential, or a declaration from the employee stating that he knew the report was confidential at the time it was made.  *Compare Payless Drug Stores, Inc. v. Superior Ct.*, 54 Cal. App. 3d 988, 990 (1976) (although incident report was not labeled "confidential," attaching four separate declarations asserting the reports were intended to be confidential was enough to establish the company's purpose).  Without more evidentiary support, the Court finds Defendant has failed to meet its burden of establishing the incident report was a confidential communication made in the course of an attorney-client relationship.

## CONCLUSION

Based on the above analysis, the Court **GRANTS** Plaintiff's request to compel production of the incident report.

**IT IS SO ORDERED.**

Dated: November 4, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge